and *L. T. Izlar*, for appellant. *John T. Sloan, jr.*, and *A. J. Green*, for respondents.

No. 3176. STATE *v.* SALTERS, April Term, 1893. On the call of this cause for a hearing, no one appeared for the defendant, appellant. Whereupon, on motion of Mr. Solicitor Wilson, for the State, the appeal was declared abandoned for want of prosecution. Order PER CURIAM, May 4, 1893.

No. 3177. STATE *v.* KEELS, April Term, 1893. On May 4, 1893, Mr. Solicitor Wilson made affidavit that notice of appeal was served upon him on October 8, 1892, that the Case for Appeal was agreed upon on January 10, 1893, and that no return had yet been filed, attaching to his affidavit a certificate from the clerk of this court that no return had been filed. An order was thereupon obtained from the Chief Justice, dismissing the appeal for want of prosecution. And thereafter the *remittitur* was sent down.

No. 3205. SAME *v.* SAME, April Term, 1893. This was a motion by defendant to recall the *remittitur* and reinstate the appeal. On behalf of appellant, it was shown that counsel for appellant left the further preparation of the appeal record to the defendant himself (who was an attorney at law), and that the delay had resulted from defendant's sickness. But affidavits contra fully fixed the date of this sickness as subsequent to defendant's return from Florida after the middle of April. *J. D. Kennedy*, for the motion. *Wilson*, solicitor, contra.

June 30, 1893. The following order was passed

PER CURIAM. This is a motion to recall the *remittitur* heretofore sent down from this court to the Circuit Court, whereby the judgment of this court, dismissing the appeal in this case, was remitted to the Circuit Court. The ground upon which this motion is based is excusable delay in perfecting this appeal. In order to justify this court in exercising the unusual power of recalling the *remittitur* after it has been sent down, a very strong showing would be required that the *remittitur* was sent down through some mistake or inadvertence on the part of this

court or its officer, and there is no pretense of any such showing in this case. It is not enough to show that the default of the appellant in perfecting his appeal was due to some excusable neglect; for the proper time to make such a showing would be when the motion to dismiss the appeal was made, or at least before the *remittitur* was sent down. We may add, however, that after a careful examination of the affidavits and counter-affidavits submitted at the hearing of this motion, we do not think that the showing would have been sufficient to justify this court in reinstating the appeal, even if the motion had been made at the proper time. Besides, it is more than questionable whether this court has the power to recall the *remittitur* after it has been sent down to the Circuit Court, *and acted upon by that court*, which, as we are informed on the argument here, was the fact in this case. But as that point does not necessarily arise in this case, we are not to be regarded as definitely decid·ing it now. The motion to recall the *remittitur* and to reinstate the appeal is, therefore, refused.

No. 3186. EX PARTE THOMAS, April Term, 1893. This was an order, in *habeas corpus* proceedings, admitting Capers Thomas, charged with murder, to bail in the sum of $1,000, with not less than two nor more than five sureties, the recognizance to be approved by the clerk of the Court of General Sessions for Edgefield County. Dated May 19, 1893.

No. 3191. STATE *v.* WILSON, April Term, 1893. This was a consent order dismissing an appeal, and directing the *remittitur* to issue forthwith. Dated May 23, 1893.

No. 3192. TRIMMIER *v.* THOMSON, April Term, 1893. The appellant filed his Points and Authorities on May 22, 1893, and on the next day, May 23, the cause was called on the docket for a hearing. Thereupon, on motion of *R. K. Carson*, attorney for respondent (*W. W. Thomson*, attorney for appellant), an order was passed PER CURIAM dismissing the appeal.

No. 3206. SAME *v.* SAME, April Term, 1893. A motion having been made in this case to reinstate this appeal dismissed, as above, June 30, 1893, the following order was passed